UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVIS PERRILLOUX | CIVIL ACTION |
| VERSUS | NO. 08-4287 |
| CITY OF KENNER, ET. AL. | SECTION: "C" (2) |

**ORDER AND REASONS**

Before the court is defendants Kenner Police Chief Steve Carraway ("Carraway") and Kenner Police Detective George Hoffman's ("Hoffman") Motion to Dismiss. (Rec. Doc. 25).

Based on the memoranda of parties and the relevant case law, the Court GRANTS defendants' motion.

**I. Background**

Plaintiff Travis Perrilloux ("Perrilloux") alleges that on August 30, 2007, officers of the Kenner Police Department falsely arrested him in his home for the crime of "Fraudulent portrayal of a law enforcement officer or firefighter," LSA 14:112.2A(1)(2). He claims that the arrest took place despite the Kenner police's knowledge that in fact Perrilloux was a commissioned firefighter and had a commission with the Orleans Parish Civil Sheriff's Office.

On August 27, 2008, Perrilloux filed a complaint against the City of Kenner; the Kenner Police Department; Kenner Chief of Police Steve Carraway, both individually and in his official

capacity; Kenner Police Office George Hoffman, both individually and in his official capacity; and their unnamed insurer. (Rec. Doc. 1). In his complaint, Perrilloux alleged that the named defendants infringed his constitutional rights in violation of 42 U.S.C. § 1983 (Section 1983). (Rec. Doc. 1 at 6-7).

In response, Defendants filed a motion requesting that Perrilloux plead his allegations with greater specificity, per the Fifth Circuit's ruling in *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). (Rec. Doc. 13). On June 5, 2009, defendants Carraway and Hoffman filed this Motion to Dismiss, claiming qualified immunity. (Rec. Doc. 25). On June 23, 2009, the Court granted the motion for a *Schultea* reply (Rec. Doc. 30), and Perrilloux filed a reply with additional pleadings on July 15, 2009. (Rec.Doc. 33). On September 21, 2009, Perrilloux filed his opposition to the Motion to Dismiss. (Rec. Doc. 34).

**II. Law and Analysis**

Perrilloux's complaint includes four counts: (1) Section 1983 Cause of Action; (2) Liability of the City of Ken[n]er and Chief Carraway; (3) Due Process and Equal Protection Violations; and (4) State Law Claims.

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face"; the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.* Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia*

2

*Gulf Corp.*, 386 F.3d 648, 654 (5th Cir.2004).

The United States Supreme Court advised in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." However, dismissal is not warranted by a judge's disbelief of a complaint's factual allegations or the appearance that recovery is remote and unlikely. *Id.*

The Court also recognizes that Section 1983 individual capacity claims require heightened pleading with allegations pled with "factual detail and particularity." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir.2004); *Schultea*, 47 F.3d at 1430; *Jenkins v. Lee*, 1999 WL 97931 (E.D. La.). To state a claim under Section 1983, a plaintiff must demonstrate first, a violation of the Constitution or federal law, and second, that the violation was committed by someone acting under color of state law. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005).

　　A. *Officer Hoffman*

In evaluating the plaintiff's argument that qualified immunity for individual capacity claims is inapplicable, the Court asks whether the defendants' conduct violated a constitutional right, and whether that right was clearly established at the time the alleged violation occurred. *Pearson v. Callahan*, —U.S. —, 129 S. Ct. 808, 818 (2009); *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008). For immunity to attach, the "actions of the officers must be objectively reasonable under the circumstances, such that a reasonably competent officer would not have

3

known his actions violated then-existing clearly established law." *Id.*

Plaintiff's Count I, titled "Section 1983 Cause of Action," alleges false arrest in violation of the "Fourth, Fifth, and Fourteenth Amendments." (Rec. Doc. 1 at 6).

"[T]o prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). As applied to the qualified immunity inquiry, the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *see also Prejean*, 543 F.3d at 269.

In his *Schultea* reply, Perrilloux claims that "despite the fact that the Honorable George Giacobbe issued what appeared to be a valid and legal search warrant on its face . . . Officer Hoffman was aware, or should have been aware, that to continue with the police action was to do so without probable cause." (Rec. Doc. 33 at 4).

Perrilloux was arrested under LSA 14:112.2A(1)(2), which states:

> A. Fraudulent portrayal of a law enforcement officer or firefighter is the impersonation of any law enforcement officer or firefighter for the purpose of obtaining access to a public building, facility, or service. The fraudulent portrayal includes but is not limited to any of the following:
> (1) Portraying or impersonating a law enforcement officer or firefighter by any means.
> (2) Possessing, without authority, any uniform or badge by which a law enforcement officer or firefighter is identified.
> (3) Performing any act purporting to be official while portraying a law enforcement officer or firefighter. . . .
> B. For the purposes of this Section, "law enforcement officer or firefighter" shall include police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, firemen, and probation and parole officers.

As noted by Western District of Louisiana Judge Minaldi, Lousiana's "Fraudulent Portrayal" statute has rarely been interpreted. *U.S. v. Williams*, 2008 WL 4679305 at *2 (W.D. La). However, the principles of statutory construction suggest that in addition to prohibiting civilian impersonation of law enforcement officers and firefighters, the statute also prohibits those public servants from impersonating each other. Thus, a firefighter may not impersonate a state park warden, and a deputy sheriff may not impersonate a police officer. As alleged by Perrilloux, Judge Giacobbe issued a valid search warrant due to a suggestion that Perrilloux had falsely impersonated a *police officer.* (Rec. Doc. 33 at 4). Perrilloux protests that Officer Hoffman should have been aware that Perrilloux was a commissioned *deputy sheriff.* (Rec. Doc. 33 at 4). However, as discussed above, being a commissioned deputy sheriff may not provide immunity to LSA 14:112.2. Regardless, Perrilloux cannot successfully argue that it was clearly established that deputy sheriffs cannot be arrested for impersonating officers. In fact, no Louisiana court has discussed the application of this statute in a published opinion. Therefore, given the facts alleged, it was not objectively unreasonable for Officer Hoffman to carry out the "valid search warrant" and continue the police action, and Perrilloux has not established that Hoffman violated "clearly established law" as to the alleged false arrest.

*Chief Carraway*

Because Perrilloux fails to establish a false arrest claim against Officer Hoffman, his related claims against Chief Carraway fail as well. Further, Perrilloux's claims with regard to Chief Carraway do not meet the heightened pleading standards required in a *Schultea* reply. *See Schultea*, 47 F.3d at 1434 ("the district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a

5

genuine issue as to the illegality of the defendant's conduct"); *see also Truvia v. Julien*, 187 Fed. Appx. 346, 348 (5th Cir. 2006) (affirming, in an unpublished opinion, district court's dismissal of failure to train and/or supervise claims because allegations in the complaint were merely conclusory). Perrilloux has alleged, without pointing to any relevant facts, that Chief Carraway "fail[ed] to train, discipline, and/or supervise the police officers under his command"; "Fail[ed] to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affair of the Kenner Police Department"; and "Condon[ed] a pattern, practice and/or custom of police officer intimidation and abuse. . . ." (Rec. Doc. 1 at 9). Such claims, without more, are insufficient to withstand a defense of qualified immunity. *See Oliver v. Scott*, 276 F.3d 736, 743 (5th Cir. 2002).

*Equal Protection, Due Process, and State Law Claims*

Perrilloux's final two counts charge defendants with equal protection and due process violations, as well as unspecified state law claims including assault and battery. (Rec. Doc. 1 at 10-11)

The *Schultea* reply and response to defendants' motion to dismiss do not include any facts that would implicate an equal protection or due process violation.[1] Although Perrilloux alludes to a conspiracy to improperly charge him with a felony, (Rec. Doc. 1 at 11) LSA 14:112.2 is punishable by imprisonment "with or without hard labor for not more than two years" and as such meets Louisiana's definition of a felony under Louisiana Code of Criminal Procedure Article 933: "'Felony' means an offense that may be punished by death or by imprisonment at hard labor." Perrilloux's allegations, without more, do not implicate a

---

[1] Presumably, Perrilloux brings these claims against the individual defendants under 42 U.S.C 1983 as well, not withstanding his separately titled Count I. Regardless, the Court's analysis is unaffected.

Constitutional violation.

Finally, defendants also claim state qualified immunity. (Rec. Doc. 25-2 at 8). In evaluating a motion to dismiss a state claim on the grounds of qualified immunity, federal courts must apply the state's substantive law of qualified immunity. *Sorey v. Kellett*, 849 F.2d 960, 961-63 (5th Cir.1988). As established in *Moresi v. State of Louisiana Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1094 (La. 1990), Louisiana qualified immunity law in the context of good faith actions by state officers mirrors federal law. Perrilloux does not specify which provisions of Louisiana law or the Louisiana Constitution he alleges the defendants violated. Because he has failed to plead specific facts that allege a violation of Louisiana law, the state law claims against these defendants in their individual capacities must be dismissed.

Accordingly,

Defendants' Motion to Dismiss (Rec. Doc. 25) is GRANTED and the claims against defendants Hoffman and Carraway in their individual capacities are DISMISSED.

New Orleans, Louisiana, this 9th day of October, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**